IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACK CODY RABURN, #0066017 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv432 |
| HENDERSON COUNTY SHERIFF'S OFFICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jack Cody Raburn, a pretrial detainee confined in the Henderson County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

In his original complaint, Plaintiff sued the Henderson County Sheriff's Office, Sheriff Botie Hillhouse, Chief Kevin Halbert, Assistant Chief FNU, LNU, Nurse Amanda LNU, Mental Health Director FNU Jefferies, and Dr. FNU Mongare. Plaintiff contends that these defendants violated his civil rights in connection to his medical, dental, and mental health care in the Henderson County Jail. He asserts the Defendants have been deliberately indifferent to his serious medical needs and have deliberately delayed necessary medical care resulting in harm and pain.

In the Order to replead (Dkt. #5), the Court instructed Plaintiff that he must sue a person acting under color of state pursuant to 42 U.S.C. § 1983. The Court pointed out that the

1

Henderson County Sheriff's Office was not a jural entity that could be sued directly for purposes of Section 1983.

In response to the Court's Order (Dkt. #5), Plaintiff filed his Amended Complaint (Dkt. #11). In his Amended Complaint, Plaintiff sued Sheriff Botie Hillhouse, Chief Kevin Halbert, Assistant Chief FNU, LNU, Nurse Amanda LNU, Mental Health Director FNU Jefferies, and Dr. FNU Mongare. An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986).

As Plaintiff did not renew or allege any facts or claims against the Henderson County Sheriff's Office in his Amended Complaint, the Court construes Plaintiff's Amended Complaint as a voluntary dismissal of the Henderson County Sheriff's Office. This construction does not affect Plaintiff's claims against Sheriff Botie Hillhouse, Chief Kevin Halbert, Assistant Chief FNU, LNU, Nurse Amanda LNU, Mental Health Director FNU Jefferies, and Dr. FNU Mongare.

A plaintiff is entitled to voluntarily dismiss a case before the opposing party serves either an answer or a motion for summary judgment. FED. R. CIV. P. 41(a)(1). Defendant Henderson County Sheriff's Office has not filed an answer nor a motion for summary judgment in this case. The Amended Complaint, construed as a motion for voluntary dismissal of Defendant Henderson County Sheriff's Office should be granted pursuant to FED. R. CIV. P. 41(a)(1).

Recommendation

It is recommended that the motion for voluntary dismissal (Dkt. #11) of Defendant Henderson County Sheriff's Office be granted and that the Henderson County Sheriff's Office be dismissed, without prejudice. FED. R. CIV. P. 41(a)(1). Plaintiff's claims against Defendants Sheriff Botie Hillhouse, Chief Kevin Halbert, Assistant Chief FNU, LNU, Nurse Amanda LNU, Mental Health Director FNU Jefferies, and Dr. FNU Mongare should remain pending before the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of January, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE